IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CV-00595-FL

| | | |
|---|---|---|
| RAY MUHAMMAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| AUDREY A. MUHAMMAD, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) (DE 9). The matter has been fully briefed and is ripe for decision. For the reasons that follow, the court grants defendant's motion to dismiss.

On August 19, 2013, plaintiff filed a *pro se* complaint, as amended on September 27, 2013, challenging state domestic relations proceedings and renewed domestic violence protective order. (See Compl. 2-6). Plaintiff alleges defendant violated state law prohibiting willful filings of false police reports. (Id. at 6-7). Plaintiff also asserts a claim under 42 U.S.C. § 1983 on the premise that state court proceedings allegedly violated his due process rights and protection against double jeopardy. (Id. at 8-22). Plaintiff seeks declaratory and injunctive relief, and attorneys' fees. (Id. at 23-25).

The undersigned concludes after review of the case materials that this court does not have jurisdiction over the subject matter of this case. This court does not have power to exercise appellate jurisdiction over a state court's order. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283-84 (2005). Further, this court does not have original jurisdiction over this case where

there is neither diversity of citizenship nor federal question. Diversity of citizenship jurisdiction is not implicated where plaintiff fails to allege an amount in controversy. No federal question is raised in the claims alleged against defendant, which involve purely state law claims based on willful filings of false police reports. Plaintiff's asserted claim under 42 U.S.C. § 1983 is premised on alleged actions of the state court, not the named defendant. To the extent plaintiff's asserted claim under 42 U.S.C. § 1983 is premised on alleged actions of defendant, it is dismissed for failure to state a claim where defendant is not a governmental actor. Therefore, plaintiff has failed to carry his burden of showing federal subject matter jurisdiction.

Based on the foregoing, defendant's motion to dismiss (DE 9) is GRANTED, and this matter is DISMISSED WITH PREJUDICE for lack of subject matter jurisdiction and for failure to state a claim. The clerk is directed to close this case.

SO ORDERED, this the 19th day of November, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge